JiCIACCIO, Judge.
Defendant was charged with committing forcible rape while both he and the victim were patients at the Jo Ellen Smith Psychiatric Hospital (hospital). Defendant moved for a subpoena duces tecum to the hospital for disclosure of records listing the names, addresses, and telephone numbers of all patients in the unit at the time of the offense. The hospital responded that it could not disclose that information because of the confidentiality requirement under 42 C.F.R. § 2.1 et seq. At a hearing on February 2, 1995, the trial court ruled that, with counsel for the hospital present, therapists ask each of the nine patients the following questions: (1) whether the patient had witnessed any acts of aggression by defendant against the victim; and (2) whether the patient had witnessed any acts of an amorous nature between defendant and the victim. If the patient answered either question in the affirmative, both the State and the defense could interview that patient.
Counsel for the hospital disclosed that one patient, “John Doe,” had given an affirmative response to the second question. John Doe’s parent refused to allow his child to be subpoenaed to testify at trial; however, the parent agreed that John Doe would participate in a deposition provided that all parties sign a written stipulation that the deposition would be used in lieu of live testimony and he would not be called to testify. The prosecutor refused to sign the statement because the State did not want to waive the right to call and cross examine the witness at trial. The State phoned the trial judge from the deposition and voiced its objection. The judge ordered the prosecutor either to sign the stipulation or forego the right to participate Rin the deposition. The State refused to sign, and the deposition took place without the State present.
At the trial on February 9, the prosecutor objected to the deposition’s being admitted into evidence because the State was deprived of its right to cross-examine John Doe and there was no showing the witness was unavailable. The trial judge, overruling the State’s objection, ruled that John Doe is unavailable and his deposition is admissible in lieu of live testimony under La.C.E. art. 804.
On another issue, the trial court refused to allow the State to call as a witness another hospital patient to whom defendant allegedly had made an inculpatory statement. The judge stated that he could not assign any probative value to this witness’ testimony because the witness was in a psychiatric facility when the statement was made and might have misinterpreted defendant’s statement. The judge further stated that the witness’ confidentiality rights would be violated if he were asked during cross-examination the reason for his hospitalization.
The State seeks review of both rulings by the trial court. It argues that John Doe’s deposition should not be used at trial because there was insufficient proof of unavailability under La.C.E. art. 804 and that John Doe was not subject to cross-examination at a hearing. The State further argues that the trial judge cannot exclude the inculpatory statement before hearing the witness to whom the statement was made and by asserting the witness’ confidentiality rights.
The State argues that John Doe is not an unavailable witness as defined by La.C.E. art. 804(a), which provides:
A. Definition of unavailability. Except as ^otherwise provided by this Code, a declarant is “unavailable as a witness” when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court. This includes situations in which the de-clarant:
(1) Is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of his statement;
*915 (2) Persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so;
(3) Testifies to a lack of memory of the subject matter of his statement;
(4) Is unable to be present or to testify at the hearing because of death or then existing physical or mental illness, infirmity, or other sufficient cause; or
(5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance by process or other reasonable means. A de-clarant is not unavailable as a witness if his exemption, refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of his statement for the purpose of preventing the witness from attending or testifying.
In ruling that the deposition was admissible, the trial judge stated that all but situation (3) applied. However, situation (4) is the most apt to the circumstances of this case. John Does is unavailable because he is still receiving therapy and his parent will not allow him to testify. These circumstances are “sufficient cause” to conclude that John Doe is unavailable as a witness.
The State’s other argument that John Doe’s deposition is inadmissible hearsay is based on La.C.E. art. 804(B)(1), which provides:
|4B. Hearsay exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
(1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a party with a similar interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. Testimony given in another proceeding by an expert witness in the form of opinions or inferences, however, is not admissible under this exception.
The State argues that this hearsay exception is inapplicable because a deposition is not a former hearing and because John Doe was never subject to cross-examination by the State. The State points out that it failed to participate in the deposition because the State did not want to waive its right to subpoena John Doe to testify at trial had it actually participated in the deposition.
La.R.S. 15:273 provides the deposition of witnesses shall not be evidence either for or against the accused except as provided by law. La.R.S. 15:258-259 allow for the deposition of a jailed witness and its admissibility except when the presence of the witness can be secured by subpoena. These statutes do not apply to the situation presented by this case because John Doe was not deposed while he was in jail and there are no other exceptions regarding the use of depositions in criminal proceedings. Thus, there is support for the State’s position.
However, there is the right of a defendant to present a defense; and, in State v. Gremillion, 542 So.2d 1074 (La.1989), the Supreme court cited that right in holding that an unsworn statement made by the victim before |Bhis death was admissible under La. C.E. art. 804(B)(6).[1] The court found that the statement, which tended to exculpate the defendant, did not fit any of the recognized exceptions to the hearsay rule; and, despite the fact that Article 804(B)(6) was specifically limited to civil cases, the statement could be admitted as a hearsay exception under that provision. The court quoted Official Comment (d) to the article which stated that under certain circumstances, results similar to those authorized by the exception might be mandated by the right of compulsory process when the accused in a criminal case offered reliable, trustworthy evidence that did not fit within the contours of a legislatively recognized exception to the hearsay rule.
*916 Considering the unusual circumstances of this ease, we do not find that the trial court erred in ruling that John Doe’s deposition is admissible evidence that can be used at defendant’s trial. Our holding is limited to the admissibility of the deposition under these circumstances. Whether John Doe can be ordered to testify pursuant to a properly issued court order that is specifically tailored to provide maximum protection of his identity and patient records is not before this Court.
The State further argues that the trial court should have allowed the other hospital patient to testify concerning an alleged incul-patory statement by the defendant. The trial court determined that the testimony is unworthy and has no probative value because the proposed witness is emotionally unstable.
We find the trial judge erred by ruling that the testimony was not |6credible prior to observing the witness’s demeanor and hearing the testimony.
Accordingly, for the above reasons, we grant in part the application of the State and reverse the ruling of the trial judge that precluded the State from calling as a prosecution witness the hospital patient to whom the defendant allegedly made an inculpatory statement. Insofar as the State seeks relief from the trial judge’s ruling that John Doe’s deposition testimony is admissible evidence to be used at defendant’s trial, the State’s writ application is denied.

WRIT GRANTED IN PART; DENIED IN PART.

BARRY, J., dissents in part with reasons.

. This hearsay exception allows for the admission of a statement not covered by any other hearsay exception if the court determines that the statement is trustworthy and the proponent of the evidence has or has made a reasonable effort to adduce all other admissible evidence to establish the fact to which the statement relates and notice is given to the adverse party of his intent to use it.